IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No.2:15-CV-27-FL

| | |
|---|---|
| COLONY TIRE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for bill of costs. (DE 37).[1] The motion has been fully briefed and the issues presented are ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

**BACKGROUND**

Plaintiff filed this diversity action July 24, 2015, seeking declaratory judgment and damages pursuant to an insurance policy ("the policy") entered into by the parties. Following a period of discovery, the parties filed cross-motions for summary judgment (DE 24, 26), and after full briefing, the court granted plaintiff's motion and denied defendant's motion in order entered November 14, 2016. (DE 36). In its order granting summary judgment, the court observed that, due to an embezzlement by James and William Staz (collectively "the Stazes"), plaintiff suffered losses in the

---

[1] The docket reflects as also pending defendant's motion to exclude the expert opinion of Louis G. Fey ("Fey") from consideration on summary judgment. (20). Where the court did not rely on the opinion of Fey in rendering summary judgment in favor of plaintiff, defendant's motion to exclude Fey's expert opinion is denied as moot.

amount of $492,350.53. The court found that, pursuant to the policy, defendant is obligated to reimburse plaintiff for its losses.

The order also directed plaintiff to file additional briefing in support of its prayer for costs of court, attorney's fees, and interest allowed by law so that the court may rule on all remaining issues and enter final judgment. Accordingly, plaintiff filed additional briefing and defendant timely responded, agreeing in light of the court's decision on summary judgment, in large part with propriety of plaintiff's request.

## DISCUSSION

The court notes at the outset that defendant does not dispute plaintiff's claimed entitlement to $1,257.45 as compensation for costs of court. Additionally, plaintiff expressly has abandoned its prayer for attorney's fees. Accordingly, the only remaining issues concern proper computation of defendant's liability under the policy and allowable interest.

First, as noted above, plaintiff suffered losses in the amount of $492,350.53 due to the Stazes' embezzlement. The policy includes a $25,000 retention that applies to the coverage provision at issue in this case. (DE 1-2 at 69). Therefore, defendant's liability under the policy is $467,350.53.

Second, "state law applies to questions involving prejudgment interest in diversity cases." United States v. Dollar Rent A Car Systems, Inc., 712 F.2d 938, 940 (4th Cir. 1983). Under North Carolina contract law, prejudgment interest is calculated from the date of breach. Craftique, Inc. v. Stevens and Co., Inc., 321 N.C. 564, 569 (1988). Where the policy does not provide for pre-judgment interest, the default rate of prejudgment interest is eight percent per annum, N.C. Gen. Stat. § 24-1, computed monthly. N.C. Gen. Stat § 24-1.1(b).

2

Based on the foregoing, the relevant date range is July 7, 2014, (the date defendant denied plaintiff's claim under the policy) through November 14, 2016,[2] which amounts to 28.5 months. Therefore, plaintiff is entitled to prejudgment interest in the amount of $88,017.67. This amount reflects eight percent of the judgment ($467,350.53 x .08 = $37,388.04) divided by 12 months to obtain the monthly interest due to plaintiff ($37,388.04 / 12 months = $3115.67 / month), multiplied by the number of months in the pre-judgment period (($3,115.67 / month) * 28.5 months = $88,017.68). Therefore, the total amount due to plaintiff, representing the sum of defendant's liability under the policy ($467,350.53), costs of court ($1,257.45), and prejudgment interest ($88,017.68), equals $556,625.66. Additionally, plaintiff may recover post-judgment interest as provided in 28 U.S.C. § 1961. Forest Sales Corp. v. Bedingfield, 881 F.2d 111, 113 (4th Cir. 1989) (holding that the federal rate of post-judgment interest applies in diversity actions).

## CONCLUSION

Based on the foregoing, plaintiff's motion for bill of costs is GRANTED. It is ORDERED that defendant shall reimburse the sum of plaintiff's damages, costs of court, and pre-judgment interest amounting to $556,625.66, and, in addition, any post-judgment interest as may be necessary to comply with this order. The clerk is DIRECTED to enter final judgment in accordance with this order and close this case.

SO ORDERED, this the 26th day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] The court granted summary judgment November 14, 2016. Where plaintiff has not requested pre-judgment interest beyond the date of summary judgment, the court does not reach the issue of plaintiff's entitlement, if any, to pre-judgment interest beyond that time up to and until date of entry of judgment by the clerk of court.